1    R. Craig Clark (SBN 129219)
     James M. Treglio (SBN 228077)
2    Laura M. Cotter (SBN 259445)
     **CLARK LAW FIRM**
3    600 B Street, Suite 2130
     San Diego, CA 92101
4    Telephone: (619) 239-1321
     Facsimile: (619) 239-5888
5
     David Markham (CSB No.71814)
6    **THE MARKHAM LAW FIRM**
     750 B St, Suite 1950
7    San Diego, CA 92101
     Telephone: (619) 399-3995
8    dmarkham@markhamlaw.com

9    Walter Haines (SBN 071075)
     walter@walterhaines.com
10   **UNITED EMPLOYEES LAW GROUP**
     65 Pine Ave, #312
11   Long Beach, CA 90802
     Telephone: (877) 696-8378
12   Facsimile: (562) 256-1006

13   Attorneys for Plaintiff and the Class

14              **UNITED STATES DISTRICT COURT**

15         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

16   RONIE RICHIE, an individual, on behalf of     CASE NO. ___ **13   2693**
     herself, and those similarly situated and on
17   behalf of the general public,                 **CLASS ACTION**

18                    Plaintiff,                    **COMPLAINT FOR DAMAGES,**
                                                    **RESTITUTION AND INJUNCTIVE**
19         v.                                       **RELIEF:**

20   BLUE SHIELD OF CALIFORNIA LIFE AND            **(1) FAILURE TO REIMBURSE FOR**
     HEALTH INSURANCE COMPANY is a                 **BUSINESS EXPENSES IN VIOLATION**
21   California Corporation, and DOE 1-100,        **OF CAL. LAB. CODE §2802**

22                    Defendants.                   **(2) FAILURE TO PAY OVERTIME IN**
                                                    **VIOLATION OF FAIR LABOR**
23                                                  **STANDARDS ACT, 29 U.S.C. §§ 201,**
                                                    **207, 216 ("FLSA");**
24
                                                    **(3) UNFAIR COMPETITION IN**
25                                                  **VIOLATION OF CAL. BUS. & PROF.**
                                                    **CODE § 17200** *et seq.***;**
26
27                                                  **DEMAND FOR JURY TRIAL**

28

                                    1

1    Comes now RONIE RICHIE (PLAINTIFF), on behalf of herself and all persons similarly

2    situated, allege as follows:

3    This class action is brought on behalf of all present and former Claims Processors against

4    BLUE SHIELD OF CALIFORNIA ("BLUE SHIELD" or "DEFENDANT" in California. All

5    allegations in this Complaint are based upon information and belief except for those allegations,

6    which pertain to the PLAINTIFF named herein and his counsel. Each allegation in this Complaint

7    has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for

8    further investigation and discovery.

9                                  **JURISDICTION AND VENUE**

10    1.    The Court has federal subject matter jurisdiction over this case pursuant to the

11    provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* , including under §§

12    207, 216 and 217. Venue is appropriate in this district as the Plaintiff serviced retail stores on

13    behalf of the Defendant within this District, and all acts occurred herein.

14    2.    Plaintiff is informed and believes and on that basis alleges that the putative class

15    includes hundreds of employees of defendant with average damages in excess of $13,000 each, and

16    that the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, wait time

17    penalties, and costs. Therefore, the amount in controversy exceeds $5,000,000, exclusive of

18    interest and costs, the sum specified by 28 U.S.C. 1332 (d) (1).

19                                  **COLLECTIVE ACTION DEFINITION**

20    3.    The Collective Class consists of all persons who are current and former employees

21    of DEFENDANT and who held the position of Claims Processor while employed in California by

22    DEFENDANT and worked overtime times hours which were unpaid under FLSA, 29 USC §201, *et*

23    *seq.* and incurred business expenses, office expenses (e.g. phone and internet expenses) and

24    mileage during the period commencing in the date that is within four years prior to the filing of this

25    complaint and through the present date the "Class Period"), and who were not fully reimbursed

26    pursuant to the applicable laws. To the extent equitable tolling operates to toll claims by the Class

27    against the DEFENDANT, the Class period should be adjusted accordingly. Alternatively,

28    PLAINTIFF request that the Court certify the CLASS for above described positions as follows:

2

3.1.   All present and former claims processors employed by DEFENDANT who incurred expenses during the performance of their duties and who were not reimbursed for those expenses; and

3.2    All present and former claims processors employed by DEFENDANT who incurred Overtime as defined by FLSA 29 USC §201, *et seq* .for which they were not reimbursed

## COLLECTIVE ACTION ALLEGATIONS

4      PLAINTIFF at all material times mentioned herein, allege:

4.1    PLAINTIFF Ronie Richie at all material times mentioned herein, is:

(a) An individual who resides in the Oroville in the State of California;

(b) Was employed as a Claims Processor for DEFENDANT in its stores located in El Dorado County;

(c) Incurred expenses, including but not limited to mileage charges caused by daily bank deposits, store transfers, training, inventory days, as well as travel to and from sales calls and did not receive reimbursement from Defendant

(d) Worked overtime hours under FLSA and did not receive reimbursement from DEFENDANT and,

(e) Was a member of the Class as defined in paragraphs 3, 3.1 and 3.2 of this Complaint.

5.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Federal Rule of Procedure 23, in that:

(a)    The persons who comprise the CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CLASS and will apply uniformly to every member of the CLASS, and as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially

3

COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF

impair or impede their ability to protect their interests.

(c)     The parties opposing the CLASS have acted or refuse to act on grounds generally applicable to the CLASS, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the CLASS as a whole; and

(d)     Common questions of law and fact exist as to the members of the CLASS and predominate over any question affection only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of

1) The interests of the members of the CLASS in individually controlling the prosecution or defense of separate actions;

2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the CLASS;

3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

4) The difficulties likely to be encountered in the management of a Class Action.

6.     This Court should permit this action to be maintained as a Class Action pursuant to Federal Rule of Civil Procedure because:

(a)     The questions of law and fact common to the CLASS predominate over any question affecting only individual members;

(b)     A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CLASS;

(c)     The members of the CLASS are so numerous that it is impractical to bring all members of the CLASS before the Court;

(d)     PLAINTIFFS, and the other CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable

4

relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which BLUE SHIELD actions have inflicted upon the CLASS;

(f)     There is a community of interest in ensuring that the combined assets and available insurance of BLUE SHIELD are sufficient to adequately compensate the members of the CLASS for the injuries sustained;

(g)     BLUE SHIELD has acted or refused to act on grounds generally applicable to the CLASS, thereby making final injunctive relief appropriate with respect to the CLASS as a whole.

## DEFENDANTS

7.     PLAINTIFFS are informed and believes thereupon alleges that at all times mentioned herein that DEFENDANT is a corporation licensed to do business and actually doing business in the State of California.  BLUE SHIELD is California corporation.

8.     DEFENDANT conduct and continues to conduct substantial business in the state of California.

9.     BLUE SHIELD owns and operates a business establishment within the State of California, and specifically within this judicial district, for purposes of providing insurance to residents of California.

10.     DEFENDANT is subject to FLSA, California Labor Code section 2802 et seq., California Business and Professions Code section 17200 et seq., (Unfair Practices Act), and the applicable wage order(s) issued by the industrial Welfare Commission of the State of California, as to its employment relationship with its employees working in California and nationwide because it currently maintains and at all relevant times maintains

## THE CONDUCT

11.     PLAINTIFF  Ronie Richie was employed by BLUE SHIELD OF CALIFORNIA. PLAINTIFF worked for DEFENDANT from October 15, 2001 until November 7, 2011.  She held the position of Claims Processor and worked from home on a telecommuting basis from 2005 until November 2011. She began in the office in October 2001. She was paid on an hourly  basis.

5

12. PLAINTIFF was also required to travel to meetings twice per month and was not reimbursed for mileage.

13. Also as part of her job duties, PLAINTIFF would work overtime hours each day for which she was not compensated fully.

14. DEFENDANT, knew, or should have known, that she incurred these expenses and worked additional overtime hours for which she was not compensated.

## FIRST COUNT

### FOR FAILURE TO REIMBURSE EMPLOYEES FOR BUSINESS EXPENSES

### [Cal. Lab. Code §2802]

### (By the Class and Against Defendant)

15. PLAINTIFF, and the other members of the CLASS, realleges and incorporates by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

16. Cal. Lab. Code §2802 provides that employers shall reimburse employees for all expenses incurred in the performance of their duties.

17. BLUE SHIELD required PLAINTIFF, and other members of the CLASS, to purchase office supplies such as phone and internet service, and to drive to monthly regional meetings.

18. PLAINTIFF, and other members of the CLASS, regularly incurred mileage expenses as a result of the requirement to travel, and other home office expenses.

19. BLUE SHIELD intentionally and consistently failed to reimburse PLAINTIFF and other members of the CLASS, for expenses incurred in the performance of their duties, in violation of Cal. Lab. Code §2802.

20. Moreover, and as the Court in *Stuart v. RadioShack* (N.D. Cal. 2009) 641 F. Supp. 2d 901, recently held, , as the DEFENDANT employer of PLAINTIFF and other members of the CLASS, had a duty of due diligence to determine whether or not PLAINTIFF and other members of the CLASS incurred expenses during the course of their duties, and to reimburse them for those expenses. BLUE SHIELD completely and utterly failed to do so. Rather, it burdened PLAINTIFF, and other members of the CLASS, with a reimbursement policy that delayed

6

reimbursement by weeks, if not months.

21.     PLAINTIFF, and other members of the CLASS, is entitled and seek to recover the

full amount of the expenses they incurred, plus interest, and reasonable attorneys' fees and costs of

suit.

**SECOND COUNT**

**FOR FAILURE TO PAY OVERTIME COMPENSATION**

**[FLSA 29 USC §201, *et seq.*]**

(By CLASS and against Defendant)

22.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this

reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

23.     29 U.S.C. § 207 (a)(1) provides in pertinent part:
        Except as otherwise provided in this section, no employer shall employ any of his
        employees who in any workweek is engaged in commerce or in the production of
        goods for commerce, or is employed in an enterprise engaged in commerce or in the
        production of goods for commerce, for a workweek longer than forty hours unless
        such employee receives compensation for his employment in excess of the hours
        above specified at a rate not less than one and one-half times the regular rate at
        which he is employed

24.     Defendant is engaged in commerce within the meaning of 29 U.S.C. § 203 (b)

25.     At all times relevant hereto, from time to time, the PLAINTIFF, and other members

of the CLASS more than forty hours in a work week.

26.     At all times relevant hereto, Defendant failed to pay PLAINTIFF, and other

members of the CLASS, the overtime compensation premium for the hours they have worked in

excess of the maximum hours permissible by law as required by FLSA

27.     By virtue of Defendants' unlawful failure to pay the lawful rate of compensation to

the PLAINTIFF, and other members of the CLASS, for their overtime hours, the PLAINTIFF, and

other members of the CLASS, have suffered, and will continue to suffer, damages in amounts

which are presently unknown to them but which exceed the jurisdictional limits of this Court and

which will be ascertained according to proof at trial.

28.     PLAINTIFF, and other members of the CLASS, are informed and believe, and

based upon that information and belief allege, that Defendant knew or should have known that

7

PLAINTIFF, and other members of the CLASS, were being required to report their overtime hours as regular time, and thus, miscalculated the appropriate rate of pay under Cal. Lab. Code §510.

29.     DEFENDANT acted and is acting intentionally, oppressively, and maliciously toward the PLAINTIFF, and other members of the CLASS, with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing them injury.

30.     PLAINTIFF, and other members of the CLASS, request recovery of overtime compensation according to proof, interest, attorney's fees and cost, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the Cal. Lab. Code and/or other statutes.

31.     Further, PLAINTIFF, and other members of the CLASS, is entitled to seek and recover reasonable attorneys' fees and costs pursuant to all applicable laws.

### THIRD COUNT

### FOR UNLAWFUL BUSINESS PRACTICES

### [Cal. Bus. and Prof. Code §§ 17200 *et seq.*]

### (By The CLASS and against Defendant)

32.     The PLAINTIFFS realleges and incorporates by this reference, as though fully set forth herein, paragraphs 1 through 21 of this Complaint.

33.     BLUE SHIELD is a "person" as that term is defined under California Business & Professions Code § 17201.

34.     Cal. Bus. and Prof. Code § 17200 defines unfair competition as "any unlawful, unfair, or fraudulent business act or practice".

35.     At all times relevant hereto, by and through the conduct described herein, BLUE SHIELD has engaged in unfair and unlawful practices by failing to reimburse PLAINTIFF, and the other members of the CLASS for mileage incurred during the performance of their duties, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. & Prof. Code § 17200 *et seq.*, and has thereby deprived PLAINTIFF, and the other members of the CLASS, of fundamental rights and privileges owed to them by law.

8

36.    By and through the unfair and unlawful business practices described herein, BLUE SHIELD has obtained valuable property, money, and services from the PLAINTIFF, and the other members of the CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment.

37.    All the acts described herein as violations of, among other things, the Cal. Lab. Code and Industrial Welfare Commission Wage Order, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of Cal. Bus. And Prof. Code § 17200 *et seq.*

38.    PLAINTIFF, and the other members of the CLASS, are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which Defendant BLUE SHIELD has acquired, or of which PLAINTIFF, and other members of The CLASS, have been deprived, by means of the above described unfair and unlawful business acts and practices.

39.    PLAINTIFF, and the other members of The CLASS, are further entitled to, and do, seek a declaration that the above described business practices are unfair and unlawful and that injunctive relief should be issued restraining BLUE SHIELD from engaging in any of the above described unfair and unlawful business practices in the future.

40.    PLAINTIFF, and the other members of the CLASS, have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair and unlawful business practices of BLUE SHIELD.  As a result of the unfair and unlawful business practices described above, PLAINTIFF, and the other members of the CLASS, have suffered and will continue to suffer irreparable harm unless BLUE SHIELD is restrained from continuing to engage in these unfair and unlawful business practices.  In addition, BLUE SHIELD should be required to disgorge the unpaid moneys to PLAINTIFF, and the other members of the CLASS.

1

## PRAYER

2

WHEREFORE, PLAINTIFF prays for judgment against BLUE SHIELD in favor of

3

PLAINTIFF and the CLASS as follows:

4

5

1.     **ON FIRST COUNT**

6

A) For damages according to proof, as set forth in Cal. Lab. Code §2802, regarding

7

reimbursement due;

8

B) For interest owed on all expenses paid by PLAINTIFF and other members of the

9

CLASS, at the statutory rate of interest, and not previously reimbursed;

10

C) For reasonable attorneys' fees, expenses, and costs as proscribed by Cal. Lab. Code

11

§2802.

12

13

2.     **ON THE SECOND COUNT**

14

A) For compensatory damages, including lost wages, commissions, bonuses, and other

15

losses, according to proof;

16

B) For general damages, according to proof;

17

C) For an award of interest, including prejudgment interest at the legal rate;

18

D) For statutory damages, including reasonable attorneys' fees and cost of suit.

19

20

3.     **ON THE THIRD COUNT**

21

A) For restitution and disgorgement;

22

B) For injunctive relief ordering the continuing unfair business acts and practices to

23

cease, or as the Court otherwise deems just and proper;

24

C) For other injunctive relief ordering  DEFENDANT to notify The CLASS that they

25

have not been paid the proper amounts required in accordance with California law.

26

27

4.     **ON ALL COUNTS**

28

A) An Order conditionally certifying and then finally certifying the Collective Class,

10

1    approving PLAINTIFF as the Representative of the CLASS, and permitting this case to

2    proceed as a class action; and,

3    B) For such other and further relief as the Court deem just and proper.

4

5    Dated: June 10, 2013                          **CLARK LAW FIRM**

6

7                                                  By: _____

8                                                  R. Craig Clark
                                                   James M. Treglio
9                                                  Laura M. Cotter
                                                   Attorney for Plaintiffs

10

11                              **DEMAND FOR JURY TRIAL**

12       PLAINTIFF demands jury trial on issues triable to a jury.

13

14   Dated: June 10, 2013                          **CLARK LAW FIRM**

15

16                                                 By: _____

                                                   R. Craig Clark
17                                                 James M. Treglio
                                                   Laura M. Cotter
18                                                 Attorney for Plaintiffs

19

20

21

22

23

24

25

26

27

28

11