UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONIE RICHIE,<br><br>    Plaintiff,<br><br>    v.<br><br>BLUE SHIELD OF CALIFORNIA,<br><br>    Defendant. | Case No. 13-cv-02693-EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING**<br><br>Docket No. 59 |

Plaintiff Ronie Richie has filed a motion for preliminary approval of a class action settlement, which is currently set for hearing on December 22, 2015. Having reviewed the motion and supporting papers, the Court hereby orders the parties to file a joint supplemental brief addressing the issues identified below. **The supplemental briefing shall be filed within a week of the date of this order.**

A.  Scope of the Settlement

It appears that the settlement will dispose of the entire lawsuit – *i.e.*, the certified class will release the claims covered by the Court's class certification order of December 2014, and any uncertified claims will be released by Ms. Richie as part of her general release. If the parties disagree, they shall inform the Court.

B.  Estimated Value of Class Claims

Based on the papers, it appears that Ms. Richie estimated the value of the Rule 23 class claim at approximately $202,778 and the value of the FLSA class at approximately $36,000. *See* Mot. at 4-5 (claiming that Rule 23 class will receive approximately 36% of its total estimated losses and that FLSA class will receive approximately 50%). Ms. Richie shall provide an explanation as to how she estimated these values. The Court notes that, in the operative

complaint, Ms. Richie claimed "average damages in excess of $13,000 each" and an aggregate amount-in-controversy in excess of $5 million. FAC ¶ 2.

C. <u>Litigation Risks</u>

As indicated above, Ms. Richie has claimed that the Rule 23 class will receive approximately 36% of its total estimated losses and that the FLSA class will receive approximately 50%. *See* Mot. at 4-5. The parties shall explain why a settlement at those percentages is reasonable based on the litigation risks. The Court is not so much interested in general litigation risks, *see, e.g.*, Treglio Decl. ¶ 27 (taking note of "the time and expense involved in continuing to litigate this action through any possible appeals, which could take several years"), but rather risks specific to this lawsuit – *e.g.*, what nonfrivolous defenses did Defendant Blue Shield of California raise to the § 2802 and FLSA claims?

In addressing the specific litigation risks, the parties shall address each class claim separately, which will assist the Court in assessing why the FLSA class shall be getting a higher percentage of its total estimated losses.

D. <u>Distribution to the Class</u>

Ms. Richie claims that there will be approximately $91,250 for distribution to the class after deductions. *See* Treglio Decl. ¶ 19. However, given the deductions identified by Ms. Richie, it appears that there will be $86,250 for distribution to the class (*i.e.*, $175,000 – $5,000 – $43,750 – $30,000 – $10,000). Ms. Richie shall address this possible discrepancy.

E. <u>Attorney's Fees and Costs</u>

Based on the papers, it appears that Ms. Richie's maximum attorney fee request shall be $43,750 and her maximum cost request shall be $30,000. With respect to fees, Ms. Richie shall provide the lodestar for this case, *i.e.*, the number of hours worked by her attorneys and their hourly rates. She shall also provide some rough description of how many hours were expended on each major endeavor in this case (*e.g.*, how much time was expended on the class certification papers).

With respect to costs, Ms. Richie shall identify what costs have been incurred to date.

///

F.  Claims Process

The parties shall address why a claims process is necessary given that notice was previously given to the class for opt-out (Rule 23) and opt-in (FLSA) purposes.

The parties shall also address what will happen if not all of the class members make claims on the settlement funds – *e.g.*, will there be a second distribution to claiming class members or will there be a distribution to a cy pres beneficiary (and if so, who will that beneficiary be)?

G.  Class Notice

*Page 1.* The class notice should identify – on the first page and in bolded font – the average pay-out to a class member.

*Page 1.* The class notice should make clear that the options for a Rule 23 class member and the options for a FLSA class member are different. The class notice, as framed, seems geared more for the Rule 23 class alone. In addition, the class notice should summarize – on the first page – what basic options there are for each class (*e.g.*, for a Rule 23 class member, submit a claim form, object, exclude, or do nothing).[1]

*Page 2.* The class notice states that the release covers the "the State Unreimbursed Expenses Claim, the Conditional Federal Travel Time Claim[,] and all claims incidental thereto." The phrase "claims incidental thereto" is too vague and should be rephrased so that the class understands what is being released.

*Pages 2-3.* In the section titled "How much is the Settlement?," the class notice should specify the exact dollar figure for the settlement, the requested attorney's fees and costs, and the settlement administration fees.

*Pages 3-4.* The class notice states (in accordance with the parties' settlement agreement) that, if a class member submits both a request for exclusion and a claim form, the request for exclusion shall be deemed invalid. The parties shall address why the settlement administrator cannot simply contact the class member to get clarification as to whether the class member intended to submit a request for exclusion or a claim form.

---

[1] The Court acknowledges that options for the Rule 23 class at least are discussed on pages 3 and 4 of the class notice.

*Pages 3-4.* The class notice should clarify that a class member who objects is still a part of the class and will not get any compensation if he or she does not submit a claim.

*Claim Form.* The claim form provides that, if a class member disputes the estimated payment, "<u>you must attach documents to support your calculation</u> (e.g. pay records). [¶] If you do not provide satisfactory documentation to support your calculation, any claim you submit will be based only on the numbers listed above . . . ." The parties shall explain why documents must be provided to support a class member's calculation.

**IT IS SO ORDERED**.

Dated: December 2, 2015

_____
EDWARD M. CHEN
United States District Judge